# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN MORRA, | ) | 1:11cv01992 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION |
| v. | ) | |
| | ) | (Document 9) |
| RYDER TRUCK RENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Steven Morra ("Plaintiff") filed the instant Motion to Remand this action to the Fresno County Superior Court on January 12, 2012. The motion was heard on February 10, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. William Smith appeared telephonically on behalf of Plaintiff. Stephanie Espinosa appeared on behalf of Defendant Ryder Truck Rental, Inc. ("Ryder").

## BACKGROUND

Plaintiff filed the underlying complaint for disability discrimination, retaliation, wrongful termination and labor code violations in Fresno County Superior Court on October 17, 2011. Ryder filed an answer and a cross-complaint against Plaintiff on December 1, 2011. Ryder removed the action to this Court on December 2, 2011, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1441(b).

On December 21, 2011, Plaintiff filed a motion for remand. Plaintiff re-filed his motion on January 12, 2012.

1

1         On January 24, 2012, Plaintiff filed his answer to the cross-complaint.

2         On January 27, 2012, Ryder filed its opposition to the motion to remand, and Plaintiff

3    filed his reply on January 30, 2012.

## SUMMARY OF COMPLAINT

5         According to the Complaint, Plaintiff worked as a diesel technician for Ryder beginning

6    in October 2003.  During his employment, Plaintiff received satisfactory performance evaluations

7    and regular pay increases.

8         Plaintiff worked at Ryder's facility in Fresno for six years.  In October 2009, Plaintiff

9    agreed to work temporarily at Ryder's facility in Tulare for two weeks.  Ryder never sent

10   Plaintiff back to Fresno and refused his requests to return to Fresno.

11        Ryder's Tulare facility was extremely busy and Plaintiff regularly worked Sundays,

12   overtime hours and took work calls at home.  He was not given an opportunity to take rest breaks

13   and frequently did not take lunch breaks.  Plaintiff complained to Ryder about his working

14   conditions, including the failure to pay overtime, the failure to allow him rest and meal breaks

15   and the failure to provide a safe work environment.  Ryder ignored his complaints.

16        In April 2010, Plaintiff suffered an injury to his neck and back while lifting a turbo off a

17   truck at work.  A health care provider gave him pain medication.  Plaintiff informed Ryder about

18   the injury, but Ryder took no action.  Plaintiff continued to work with pain.

19        On September 12, 2010, a Sunday, Ryder assigned Plaintiff to a road call.  When Plaintiff

20   arrived, he put his service truck in "park" and got out.  The truck lurched forward and slammed

21   into another truck.  Plaintiff jumped back into the truck to turn off the engine and his leg was

22   "crushed between the door and the fender."  Complaint ¶ 14.  Plaintiff was in pain, but continued

23   to work.  He did not know the brake was inoperative.

24        Plaintiff reported the leg injury to Ryder and filled out a workers' compensation claim.

25   Plaintiff's supervisor assigned him to light duty, which consisted primarily of paperwork.

26   Plaintiff requested his accumulated vacation time, but Ryder refused, claiming it was too busy for

27   Plaintiff to take time off work.

28        In mid-October 2010, Plaintiff informed Ryder that his health care provider

1  recommended surgery, that he would not be able to lift or bend and that he might need to be off
2  work for nine months. Shortly after, on October 18, 2010, Ryder terminated Plaintiff's
3  employment. Ryder claimed that the termination was based on Plaintiff's involvement in the
4  accident on September 12, 2010. Plaintiff had never been in any other accident during his
5  employment with Ryder. He was "falsely accused of knowing that the brake was inoperative."
6  Complaint ¶ 17.

7  On October 7, 2011, Plaintiff filed charges with the Department of Fair Employment and
8  Housing ("DFEH") against Ryder. Plaintiff anticipates receiving a right to sue letter. Complaint
9  ¶ 22.

10 Plaintiff also notified the California Labor and Workforce Development Agency
11 ("LWDA") on October 7, 2011, regarding Ryder's violations of the Labor Code. LWDA did not
12 respond before Plaintiff filed his complaint. Complaint ¶ 23.

13 Plaintiff asserts the following causes of action: (1) failure to prevent discrimination and
14 discrimination based on medical condition, disability or perceived disability in violation of the
15 California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940;
16 (2) failure to accommodate disability in violation of FEHA; (3) failure to engage in interactive
17 process to determine effective reasonable accommodation in violation of FEHA; (4) retaliation
18 for requesting medical leave in violation of FEHA; (5) wrongful termination in violation of
19 public policy; (6) defamation - slander/per se; (7) violation of California Labor Code § 201; (8)
20 violation of California Labor Code § 510; (9) violation of California Labor Code § 512; and (10)
21 violation of California Labor Code § 226.7(a).

22 **SUMMARY OF CROSS-COMPLAINT**

23 On December 2, 2011, Ryder filed a cross-complaint. Ryder alleges that Plaintiff
24 requested a meeting to discuss his termination. Ryder agreed and, on December 7, 2010,
25 Plaintiff met with Ryder employees John Glass, Daniel Gonzales, Corey Pebler and Traci
26 Aegenter. Glass and Gonzales met with Plaintiff in person and Pebler and Aegenter participated
27 by telephone.

28 Ryder contends that without the knowledge or consent of its employees, Plaintiff tape

recorded the meeting. According to the allegations, at the end of the meeting, Gonzales noticed something in Plaintiff's hand that looked like a tape recorder. Gonzales asked Plaintiff if he recorded their conversation. Plaintiff essentially responded that he wouldn't use it against them. Gonzales advised Plaintiff that it was not permissible to record conversations without each person's consent to the recording. In later correspondence, Plaintiff admitted to the tape recording, stating "I was just making notes due to the fact that I am a slow note taker and I needed to document the conversation between us all. That was just me taking notes." Cross-Complaint ¶¶ 5-6.

Ryder asserts a violation of California Penal Code § 632, which can be enforced by an injured person pursuant to California Penal Code § 637.2. Ryder seeks damages in the amount of $5000.00.

**DISCUSSION**

**I.    Motion for Remand**

    A.    <u>Legal Standard</u>

Ryder removed the action based on diversity of citizenship. Removal to federal court is proper under diversity jurisdiction only when a case originally filed in state court is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

    B.    <u>Analysis</u>

Plaintiff does not dispute that there is diversity jurisdiction. Rather, Plaintiff argues that removal is barred by 28 U.S.C. § 1445(c) because his claims arise under California's workers' compensation laws. Section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Accordingly, the issue is whether Plaintiff's claims against Ryder "arise under"

California's workers' compensation laws.

The term "arising under" in the context of section 1445(c) has the same meaning as "arising under" in 28 U.S.C. § 1331, which governs federal question jurisdiction. *See Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir. 2000); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-46 (8th Cir.1995); *Names v. Lee Publ'ns*, 2009 WL 3008296, at *2 (S.D. Cal. Sept.21, 2009). In defining "arising under" for purposes of section 1331, the Ninth Circuit has explained that

> [a] claim arises under a federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir.2000).

Plaintiff claims that California Labor Code § 132a represents the public policy of California to prohibit discrimination against and retaliatory termination of employees who have made workers' compensation claims, and that such public policy supports a cause of action for wrongful termination in violation of public policy (a so-called *Tameny* claim based on *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980)) and FEHA claims.[1] Plaintiff admits that Labor Code section 132a is not mentioned in his complaint, but he contends that there is no obligation to identify the basis of his *Tameny* claim at the pleading stage and the facts in his complaint "clearly implicate" section 132a. Plaintiff further argues that Ryder "indisputably knows" that California workers' compensation laws are at issue here because Ryder asserted workers' compensation exclusivity as an affirmative defense. Memorandum, p. 3; Answer ¶ 12 (Eleventh

---

[1]California Labor Code §132a states:

It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.

(1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

1  Affirmative Defense).

2  To support his assertion that remand is warranted and that his claims arise under California's workers' compensation laws, Plaintiff cites two main cases: *Ramos v. Reliance Steel & Aluminum Co.,* 2011 WL 5593855 (C.D. Cal. 2011) and *Names v. Lee Publications, Inc.*, 2009 WL 3008296 (S.D. Cal. 2005).² *Ramos* is distinguishable from the instant action because, unlike here, the plaintiff expressly premised his wrongful termination claim on a violation of the public policy codified in California Labor Code § 132(a). *Ramos*, 2011 WL 5593855 at *1.

*Names* also is distinguishable from the instant action. In *Names*, the plaintiff filed a complaint in state court alleging (1) employment discrimination based on disability or perceived disability in violation of FEHA; (2) employment discrimination based on failure to accommodate disability or perceived disability in violation of FEHA; (3) failure to engage in a timely, good-faith interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) age discrimination in violation of FEHA; (6) harassment based on disability; (7) wrongful termination in violation of public policy; (8) breach of contract; and (9) breach of the covenant of good faith and fair dealing. Following removal on the basis of diversity jurisdiction, plaintiff moved to remand contending that his fourth cause of action for retaliation due to filing a workers' compensation claim rendered his case non-removable pursuant to 28 U.S.C. § 1445(c).

In granting the motion to remand, the *Names* court found that the plaintiff's retaliation claim under FEHA was dependent upon and arose under California's workers' compensation laws. The court explained that California Labor Code section 132a permitted an employee to file a common-law termination-in-violation-of public-policy claim (*Tameny* claim) and that section 132a clearly created the substantive right to be free from retaliatory discharge after making a workers' compensation claim. *Names*, 2009 WL 3008296 at *3. The fact that plaintiff brought

---

²Plaintiff also cites, with little discussion, *Hamblin v. Coinstar, Inc.*, 2007 WL 4181822 (E.D. Cal. Nov. 21, 2007), *Quinones v. Target Stores*, 2005 WL 3157515 (N.D. Cal. Nov. 23, 2005) and *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F.Supp. 1023 (D. Hawaii 1990). These cases are distinguishable from the instant matter. In *Hamlin*, the plaintiff's complaint expressly alleged that defendant wrongfully discharged him after filing a workers' compensation claim. 2007 WL 4181822 at *2. In *Quinones,* the plaintiff's complaint expressly alleged that the defendant's adverse actions against the plaintiff violated a fundamental public policy embodied in Labor Code § 132a. 2005 WL 3157515 at *3. In *Hummel*, the court addressed Hawaii state law.

1   his retaliation claim under FEHA did not alter the court's analysis.  The court reasoned that

2   because section 132a provided the necessary public policy, plaintiff's retaliation claim under

3   FEHA would not exist without it. *Id.*  As plaintiff asserted he filed a workers' compensation

4   claim, the court concluded that he sufficiently alleged a protected activity for purposes of his

5   FEHA claim. *Id.*

6        Of note, however, the plaintiff in *Names* alleged that the defendant terminated his

7   employment in retaliation for filing a workers' compensation claim. *Names*, 2009 WL 3008296

8   at *2.  In this case, Plaintiff alleges that he "filled out a workers' compensation claim," but he

9   does not allege that Ryder terminated him for submitting such a claim.  Instead, in his retaliation

10  claim, Plaintiff alleges that Ryder discharged him because he exercised his right to request and

11  take medical leave.  Complaint ¶ 40.  In his wrongful termination claim, Plaintiff alleges that

12  Ryder discriminated against him.  He further alleges that the relevant statutes (Government Code,

13  not Labor Code) prohibit discrimination on the basis of a "medical condition or physical

14  disability and exercising rights pursuant to the California Family Rights Act" and prohibit

15  "employers from retaliating against an employee for reporting or complaining about

16  discrimination."  Complaint ¶ 43.  Thus, Plaintiff's claims are premised solely on disability

17  discrimination.

18       As Ryder contends, Plaintiff incorrectly argues that the case must be remanded to state

19  court because the claim for wrongful termination in violation of public policy "arises under"

20  California's workers' compensations laws.  Removal jurisdiction is based on the well-pled

21  allegations of the complaint. *Merrell Dow Pharmaceutical, Inc. v. Thompson*, 478 U.S. 804, 808

22  (1986).  As explained, Plaintiff's complaint does not reference or cite California Labor Code

23  section 132a or allege a violation of workers' compensation laws.[3]  His claims are based solely

24  upon the anti-discrimination and retaliation provisions in FEHA.

25       Furthermore, even if Plaintiff had properly pled a wrongful termination claim premised

---

[3]Ryder claims that any reference to its affirmative defense is a "red herring" and cannot create the basis for remand.  The Court agrees.  A case may not be removed based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

on section 132a, such a claim does not "arise under" California's workers' compensation laws. Although the Ninth Circuit has not addressed this issue, it has considered and rejected the related question of whether wrongful termination claims "arise under" the federal law on which they are premised for purposes of federal question jurisdiction. For instance, in *Campbell v. Aerospace Corporation*, 123 F.3d 1308 (9th Cir. 1997), the Ninth Circuit found that a claim for wrongful termination based on the public policy expressed in the federal False Claims Act did not arise under federal law. *See also Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996) (wrongful termination claim and tortuous interference claim premised in part on the public policy of Title VII did not arise under federal law for purposes of federal question jurisdiction).

In applying the test for determining if Plaintiff's wrongful termination claim "arises under" California's workers' compensation laws, the Court finds that California's workers' compensation laws neither created Plaintiff's claim nor are a necessary element of his claim. *Virgin,* 201 F.3d at 1142-43. Plaintiff does not cite Labor Code § 132a in his complaint and wrongful termination is an independent common law tort that can be based on *any* public policy. *Tameny*, 27 Cal.3d at 176. Moreover the Court will not be required to construe California's workers' compensation laws in deciding Plaintiff's wrongful termination claim. *See Sandoval v. Mercedes-Benz USA*, 2011 U.S. Dist. LEXIS 92561, *7-8 (C.D. Cal. Aug. 12, 2011) (wrongful termination claim based on a violation of the public policy generically referenced in § 132a did not "arise under" California's workers' compensations laws; plaintiff did not bring the claim directly under section 132a, section 132a did not create the cause of action or provide any remedies, workers' compensation laws were not a necessary element of the claim and the court would not have to construe such laws in resolving the claim); *see also Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994) (tort of retaliatory discharge is not a worker's compensation law and is independent of workers' compensation laws; concluding case did not arise under workers' compensation laws and was properly removed to federal court); *Pattin v. Allied Signal, Inc.,* 77 F.3d 782, 788 (5th Cir. 1996) (breach of duty of good faith and fair dealing against workers' compensation carrier did not arise under state workers' compensation laws); *Rhodes v. Costco Wholesale Corp.*, 2010 WL 744390, *2 (S.D. Cal. Mar. 3, 2010) (California's

8

1 workers' compensation laws not a necessary element of plaintiff's FEHA retaliation claim and
2 resolution of the claim does not require analysis of California's workers' compensation laws).

3       Accordingly, the Court concludes that Plaintiff's claims against Ryder do not "arise
4 under" California's workers' compensation laws and thus remand is not mandated pursuant 28
5 U.S.C. § 1446(c).

6       Insofar as Plaintiff argues that the Court is not limited to the existing pleadings and must
7 remand the action if any defect in the complaint preventing remand could be cured by
8 amendment, this argument is without merit. In support, Plaintiff primarily cites *Nasrawi v. Buck*
9 *Consultants, LLC*, 776 F.Supp. 2d 1166, 1169-70 (E.D. Cal. 2011), in which the court granted
10 remand because the removing defendant failed to establish that the plaintiff would not be
11 afforded leave to amend to cure a pleading deficiency. Plaintiff contends that Ryder has not
12 shown that Plaintiff would be denied leave under California law to amend his complaint to add
13 reference to Labor Code § 132a. However, *Nasrawi* dealt with the issue of fraudulent joinder
14 and whether the plaintiff could possibly recover against the party whose joinder was questioned.
15 This is substantively distinguishable from the instant matter.[4]

16       Plaintiff further contends that Ryder's case citations asserting that federal jurisdiction
17 cannot be based on post-removal amendments are inapposite and contrary to Ninth Circuit law.
18 Plaintiff indicates that *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) is
19 inapplicable because it stands for the proposition that if removal jurisdiction does not exist in the
20 first instance, the district has no jurisdiction to entertain a later amendment of the complaint
21 which might have supported federal court jurisdiction. Yet, *Libhart* clearly stands for the
22 proposition that removal is to be determined by the allegations of the complaint at the time of
23 removal. *Id*. at 1065.

---

[4] Similarly, Plaintiff's other cited cases are unpersuasive and distinguishable. As with *Naswari,* the courts were confronted with the issue of fraudulent joinder and the actions were remanded where the defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure a pleading deficiency regarding an alleged sham defendant. *See, e.g.*, *Burris v. AT&T Wireless, Inc.*, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006) (remanding action where defendants had not demonstrated, under California law, that plaintiff would not be afforded leave to amend his complaint to cure deficiency regarding non-diverse defendant); *Nickelberry v. DaimlerChrysler Corp*. 2006 WL 997391, *1-2 (N.D. Cal. Apr. 17, 2006).

1    Plaintiff also indicates that Ryder's citation to *Sparta Surgical Corp. v. National Assn. of Security Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998) actually supports Plaintiff's position that the district court should consider not only what is pled, but what *should be pled* in the complaint. However, the *Sparta* court indicated that this consideration is only appropriate where the plaintiff omitted from the complaint "federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *Id*. at 1212. Here, there is no indication that workers' compensation laws are essential to Plaintiff's claim or that he cannot state a claim absent workers' compensation laws. Moreover, *Sparta* clearly states that jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments and "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id*. at 1213.

Plaintiff additionally suggests that *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 489-491 (9th Cir. 1995) stands for the proposition that remand is proper where the bases for federal jurisdiction were removed by the plaintiffs' post-removal amendments. Plaintiff is incorrect. The Ninth Circuit in *Baddie* did not consider the propriety of remand following amendment. Rather, the court was considering the propriety of a fee award in favor of defendants based on plaintiffs' allegedly manipulative pleading practices.

**ORDER**

Based on the above, Plaintiff's Motion to Remand this action is DENIED.

IT IS SO ORDERED.

Dated:   **February 13, 2012**             /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE