# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN MORRA, | ) | 1:11cv01992 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | RENEWED MOTION TO REMAND |
| v. | ) | ACTION TO STATE COURT |
| | ) | |
| RYDER TRUCK RENTAL, INC., | ) | (Document 22) |
| | ) | |
| Defendant. | ) | |

Plaintiff Steven Morra ("Plaintiff") filed a renewed motion to remand this action to the Fresno County Superior Court on April 10, 2012.  The motion was heard on May 25, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.  William Smith appeared telephonically on behalf of Plaintiff.  Christopher Hoffman appeared telephonically on behalf of Defendant Ryder Truck Rental, Inc. ("Ryder").

## BACKGROUND

Plaintiff filed the underlying complaint for disability discrimination, retaliation, wrongful termination and labor code violations in Fresno County Superior Court on October 17, 2011.  Ryder filed an answer and a cross-complaint against Plaintiff on December 1, 2011.  Ryder removed the action to this Court on December 2, 2011, pursuant to this Court's diversity jurisdiction.  28 U.S.C. § 1441(b).

On December 21, 2011, Plaintiff filed his initial motion for remand.  The Court denied the motion on February 14, 2012.  Doc. 20.

On April 10, 2012, Plaintiff filed a second motion to remand. On May 5, 2012, Ryder filed an opposition, and Plaintiff replied on May 14, 2012.

## SUMMARY OF COMPLAINT

According to the Complaint, Plaintiff worked as a diesel technician for Ryder beginning in October 2003. During his employment, Plaintiff received satisfactory performance evaluations and regular pay increases.

Plaintiff worked at Ryder's facility in Fresno for six years. In October 2009, Plaintiff agreed to work temporarily at Ryder's facility in Tulare for two weeks. Ryder never sent Plaintiff back to Fresno and refused his requests to return to Fresno.

Ryder's Tulare facility was extremely busy and Plaintiff regularly worked Sundays, overtime hours and took work calls at home. He was not given an opportunity to take rest breaks and frequently did not take lunch breaks. Plaintiff complained to Ryder about his working conditions, including the failure to pay overtime, the failure to allow him rest and meal breaks and the failure to provide a safe work environment. Ryder ignored his complaints.

In April 2010, Plaintiff suffered an injury to his neck and back while lifting a turbo off a truck at work. A health care provider gave him pain medication. Plaintiff informed Ryder about the injury, but Ryder took no action. Plaintiff continued to work with pain.

On September 12, 2010, a Sunday, Ryder assigned Plaintiff to a road call. When Plaintiff arrived, he put his service truck in "park" and got out. The truck lurched forward and slammed into another truck. Plaintiff jumped back into the truck to turn off the engine and his leg was "crushed between the door and the fender." Complaint ¶ 14. Plaintiff was in pain, but continued to work. He did not know the brake was inoperative.

Plaintiff reported the leg injury to Ryder and filled out a workers' compensation claim. Plaintiff's supervisor assigned him to light duty, which consisted primarily of paperwork. Plaintiff requested his accumulated vacation time, but Ryder refused, claiming it was too busy for Plaintiff to take time off work.

In mid-October 2010, Plaintiff informed Ryder that his health care provider recommended surgery, that he would not be able to lift or bend and that he might need to be off

1  work for nine months. Shortly after, on October 18, 2010, Ryder terminated Plaintiff's
2  employment. Ryder claimed that the termination was based on Plaintiff's involvement in the
3  accident on September 12, 2010. Plaintiff had never been in any other accident during his
4  employment with Ryder. He was "falsely accused of knowing that the brake was inoperative."
5  Complaint ¶ 17.
6     On October 7, 2011, Plaintiff filed charges with the Department of Fair Employment and
7  Housing ("DFEH") against Ryder. Plaintiff anticipates receiving a right to sue letter. Complaint
8  ¶ 22.
9     Plaintiff also notified the California Labor and Workforce Development Agency
10 ("LWDA") on October 7, 2011, regarding Ryder's violations of the Labor Code. LWDA did not
11 respond before Plaintiff filed his complaint. Complaint ¶ 23.
12    Plaintiff asserts the following causes of action: (1) failure to prevent discrimination and
13 discrimination based on medical condition, disability or perceived disability in violation of the
14 California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940;
15 (2) failure to accommodate disability in violation of FEHA; (3) failure to engage in interactive
16 process to determine effective reasonable accommodation in violation of FEHA; (4) retaliation
17 for requesting medical leave in violation of FEHA; (5) wrongful termination in violation of
18 public policy; (6) defamation - slander/per se; (7) violation of California Labor Code § 201; (8)
19 violation of California Labor Code§ 510; (9) violation of California Labor Code § 512; and (10)
20 violation of California Labor Code § 226.7(a).

21                          **SUMMARY OF CROSS-COMPLAINT**

22    On December 2, 2011, Ryder filed a cross-complaint. Ryder alleges that Plaintiff
23 requested a meeting to discuss his termination. Ryder agreed and, on December 7, 2010,
24 Plaintiff met with Ryder employees John Glass, Daniel Gonzales, Corey Pebler and Traci
25 Aegenter. Glass and Gonzales met with Plaintiff in person and Pebler and Aegenter participated
26 by telephone.
27    Ryder contends that without the knowledge or consent of its employees, Plaintiff tape
28 recorded the meeting. According to the allegations, at the end of the meeting, Gonzales noticed

something in Plaintiff's hand that looked like a tape recorder.  Gonzales asked Plaintiff if he recorded their conversation.  Plaintiff essentially responded that he wouldn't use it against them.  Gonzales advised Plaintiff that it was not permissible to record conversations without each person's consent to the recording.  In later correspondence, Plaintiff admitted to the tape recording, stating "I was just making notes due to the fact that I am a slow note taker and I needed to document the conversation between us all.  That was just me taking notes."  Cross-Complaint ¶¶ 5-6.

Ryder asserts a violation of California Penal Code § 632, which can be enforced by an injured person pursuant to California Penal Code § 637.2.  Ryder seeks damages in the amount of $5,000.00.

## DISCUSSION

**I.     Original Motion for Remand**

Ryder removed the action based on diversity of citizenship. Plaintiff did not dispute diversity.  Rather, Plaintiff argued that removal was barred by 28 U.S.C. § 1445(c) because his claims arose under California's workers' compensation laws.  The Court rejected this argument and denied the motion to remand.

**II.    Second Motion for Remand**

Plaintiff now argues that at the time Ryder filed the notice of removal, "Ryder was no longer a 'defendant' for purpose[s] of 28 U.S.C. § 1446(a), because of the Cross-Complaint for damages that it filed against Mr. Morra in the state court before removal." Doc. 22-1, p. 2.  In sum, Plaintiff contends that Ryder waived its right to removal by filing a cross-complaint.

To support this contention, Plaintiff cites Acosta v. Direct Merchants Bank, 207 F.Supp.2d 1129, 1131-1133 (S.D. Cal. 2002) and Hansen v. Pacific Coast Asphalt Cement Co., 243 F. 283, (D.C. Cal. 1917).  In Acosta, defendant DMB filed an answer and a cross-complaint coupled with a counterclaim in state court.  Four days later, DMB removed the action to federal court. When considering whether DMB waived the right to remove, the Acosta court explained as follows:

[I]t is . . . well established that a defendant may waive the right to remove to

4

> federal court where, after it is apparent that the case is removable, the defendant takes action in state court that manifest[s] his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.

Id. at 1131-32 (internal quotations omitted). As neither the answer nor the cross-complaint reserved any right to later remove the case, the Acosta court found that DMB's offensive state court tactic to both file an answer and a cross-complaint clearly showed an intent to reach the merits of the dispute before a state tribunal. Id. at 1132. The court further indicated that DMB was not compelled to file the cross-complaint in order to preserve its rights or to maintain the status quo and that DMB could have removed the case without filing any pleadings in the state court. Id. at 1133.

Similarly, in Hansen, 243 F. 283, the defendant filed a notice of removal, along with an answer and cross-complaint in state court. The Hansen court found that by filing the cross-complaint, the defendant became a plaintiff, invoked the jurisdiction of the court, and thereby deprived itself of the right to remove. Id. at 284.

In opposition, Ryder forwards two arguments: (1) Plaintiff's motion for remand is untimely pursuant to 28 U.S.C. § 1447(c); and (2) Ryder's filing of a compulsory cross-complaint does not constitute waiver of its right to removal. The Court finds the first argument dispositive.

Plaintiff's second motion to remand is untimely pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under Section 1446(a)." 28 U.S.C. § 1447(c). A plaintiff waives the right to seek remand on any basis other than the federal court's lack of subject matter jurisdiction if the plaintiff does not file an appropriate motion within 30 days after the notice of removal. See, e.g., Vasquez v. North County Transit Dist., 292 F.3d 1049 (9th Cir. 2002). Here, subject matter jurisdiction exists (i.e., diversity) and the renewed motion to remand based on an alleged procedural defect was not made within 30 days of the notice of removal.

Plaintiff asserts that the renewed motion is timely because he is challenging the Court's

subject matter jurisdiction, not a mere procedural defect. Plaintiff believes that because Ryder filed a counterclaim in state court, then Ryder is a plaintiff without the right to remove and thus the Court does not have subject matter jurisdiction. However, Plaintiff's argument is properly characterized as a challenge to Ryder's right of removal, not the Court's subject matter jurisdiction. Wisconsin Dept. of Corr. v. Schacht, 524 U.S. 381, 392, 118 S.Ct. 2047 (1998) (for cases challenging removals that are defective for some reason other than lack of subject-matter jurisdiction, such as removal after expiration of the relevant time limits, a motion to remand must be filed no later than 30 days after the filing of the removal notice). In other words, the issue of Ryder's alleged waiver of removal is distinct from the Court's subject matter jurisdiction. Plaintiff fails to proffer any support for his claim that the instant motion to remand is timely brought as a challenge to subject matter jurisdiction. Moreover, Plaintiff fails to explain why he did not challenge Ryder's right to removal on the basis of waiver when he filed the initial motion to remand.

As the motion to remand is untimely, the Court finds it unnecessary to determine whether Ryder's filing of a counterclaim resulted in a waiver of the right to removal.

**ORDER**

For the reasons stated, Plaintiff's renewed motion to remand this action to state court is DENIED.

IT IS SO ORDERED.

Dated:   **June 8, 2012**            **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE