William J. Smith  (SBN) 056116
    Email: wsmith@wjslawoffice.com
Kirby F. Cañon  (SBN) 276414
    Email: kcanon@wjslawoffice.com
SMITH JOHNSON, INC.
2350 West Shaw Avenue, Suite 132
Fresno, California 93711
Telephone    (559) 432-0986
Facsimile     (559) 432-4871

Attorney for Plaintiff, STEVEN MORRA

Christopher C. Hoffman (SBN 176334)
    Email: choffman@laborlawyers.com
Brooke Blanchard Tabshouri (SBN 279145)
    Email: btabshouri@laborlawyers.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone    (858) 597-9600
Facsimile     (858) 597-9601

Attorney for Defendant RYDER TRUCK RENTAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MORRA, | Case No.: 1:11-cv-01992-AWI-DLB |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| RYDER TRUCK RENTAL, INC., a corporation, and DOES 1-20, inclusive. | Complaint Filed: October 17, 2011 |
| Defendant. | *Removed from Fresno Co. Superior Court: December 2, 2011* |
| | *[Case No. 11 CE CG 03608 DSB]* |
| | Trial Date: December 3, 2013 |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  In particular, the parties anticipate that this case may involve the production of some third party personnel information, as well as the parties' financial and confidential business information, client lists, medical records, and similar items.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "CONFIDENTIAL" information in this case includes, but is not limited to, the following:

(a) paper and/or electronic documents which contain, disclose, or reflect confidential business, commercial, personnel, financial, or other similarly sensitive information of a non-public nature of either party;

(b) all or any portion of a party's response to any interrogatory or request for admission propounded by any party which contains, discloses, or reflects confidential business, commercial, personnel, financial, or other similarly sensitive information of a non-public nature;

        (c)      all or any portion of deposition testimony in this action which discloses or reflects confidential business, commercial, personnel, financial, or other sensitive information of a non-public nature;

        (d)      all or any portion of any exhibits to depositions which contain, disclose, or reflect confidential business, commercial, personnel, financial, or other similar sensitive information of a non-public nature;

        (e)      all summaries, extracts, and abstracts of any information that contains, discloses, or reflects confidential business, commercial, personnel, financial, or other sensitive information of a non-public nature, excluding any summaries prepared by counsel for use in this litigation so long as counsel abides by Paragraph 3 herein; and

        (f)      medical and medical billing records relating to any treatment sought or received by Plaintiff.

    2.3    Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1      2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this

2  action but are retained to represent or advise a party to this action and have appeared in this

3  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

4  that party.

5      2.10    Party:  any party to this action, including all of its officers, directors, employees,

6  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

7      2.11    Producing Party:  a Party or Non-Party that produces CONFIDENTIAL material

8  in this action.

9      2.12    Professional Vendors:  persons or entities that provide litigation support services

10 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

11 organizing, storing, or retrieving data in any form or medium) and their employees and

12 subcontractors.

13     2.13    Protected Material:  any Disclosure or Discovery Material that is designated as

14 "CONFIDENTIAL."

15     2.14    Receiving Party:  a Party that receives CONFIDENTIAL information from a

16 Producing Party.

17     2.15    This Action:  the United States District Court for the Eastern District of

18 California action styled *STEVEN MORRA vs. RYDER TRUCK RENTAL, INC., a Florida*

19 *Corporation, and DOES 1 through 20, inclusive (1:11-CV-01992-AWI-DLB)*, and/or any and

20 all related proceedings.

21    3.      SCOPE

22     The protections conferred by this Stipulation and Order cover not only Protected

23 Material (as defined above), but also (1) any information copied or extracted from Protected

24 Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

25 testimony, conversations, or presentations by Parties or their Counsel that might reveal

26 Protected Material.  However, the protections conferred by this Stipulation and Order do not

27 cover the following information:  (a) any information that is in the public domain at the time of

28

1  disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a
2  Receiving Party as a result of publication not involving a violation of this Order, including
3  becoming part of the public record through trial or otherwise; and (b) any information known to
4  the Receiving Party prior to the disclosure or obtained by the Receiving Party after the
5  disclosure from a source who obtained the information lawfully and under no obligation of
6  confidentiality to the Designating Party.  Any use of Protected Material at trial shall be
7  governed by a separate agreement or order.

8      4.   DURATION

9      Even after final disposition of this litigation, the confidentiality obligations imposed by
10  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
11  order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all
12  claims and defenses in this action, with or without prejudice; and/or (2) final judgment herein
13  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of
14  this action, including the time limits for filing any motions or applications for extension of time
15  pursuant to applicable law.

16      5.   DESIGNATING PROTECTED MATERIAL

17      5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each
18  Party or Non-Party that designates information or items for protection under this Order must
19  take care to limit any such designation to specific material that qualifies under the appropriate
20  standards.  The Designating Party must designate for protection only those parts of material,
21  documents, items, or oral or written communications that qualify – so that other portions of the
22  material, documents, items, or communications for which protection is not warranted are not
23  swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized
24  designations are prohibited. If it comes to a Designating Party's attention that information or
25  items that it designated for protection do not qualify for protection, that Designating Party must
26  promptly notify all other Parties that it is withdrawing the mistaken designation.

27      5.2   Manner and Timing of Designations.  Except as otherwise provided in this
28

1  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
2  ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be
3  clearly so designated before the material is disclosed or produced.

4      Designation in conformity with this Order requires:

5      (a) for information in documentary form (e.g., paper or electronic
6  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), to the
7  extent that they contain or refer to documents or information which has been designated as
8  "CONFIDENTIAL," all papers and documents lodged with the court shall be designated as
9  "CONFIDENTIAL" by marking the cover page or marking a blank sheet affixed to the cover
10 page with the following legend: **"CONFIDENTIAL"**.  In lieu of placing said designation on
11 the originals of documents, the party or non-party may mark the copies that are produced or
12 exchanged.  All documents designated as "CONFIDENTIAL" pursuant to the terms of this
13 Order exchanged between counsel or produced pursuant to discovery shall be designated by the
14 producing party as "CONFIDENTIAL" by marking them as "CONFIDENTIAL" on the face of
15 the document.

16     (b) for testimony given in deposition or in other pretrial or trial proceedings,
17 that the Designating Party identify on the record, before the close of the deposition, hearing, or
18 other proceeding, all protected testimony.

19     5.3 Inadvertent Failures to Designate.  An inadvertent failure to designate qualified
20 information or items does not, standing alone, waive the Designating Party's right to secure
21 protection under this Order for such material.  Upon timely correction of a designation, the
22 Receiving Party must make reasonable efforts to assure that the material is treated in
23 accordance with the provisions of this Order.

24     6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

25     6.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of
26 confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality
27 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

28

1  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
2  challenge a confidentiality designation by electing not to mount a challenge promptly after the
3  original designation is disclosed.

4      6.2   Meet and Confer.  The parties shall attempt to resolve each challenge in good
5  faith and must begin the process by conferring.  In conferring, the Challenging Party must
6  explain the basis for its belief that the confidentiality designation was not proper and must give
7  the Designating Party an opportunity to review the designated material, to reconsider the
8  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
9  designation.  A Challenging Party may proceed to the next stage of the challenge process only
10 if it has engaged in this meet and confer process first or establishes that the Designating Party is
11 unwilling to participate in the meet and confer process.

12     6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court
13 intervention, the Designating Party shall file and serve a motion within twenty-one (21) days
14 after the meet and confer process has failed to retain confidentiality under Local Rules 141.1,
15 230, and/or 251 (and in compliance with Local Rule 141, if applicable).  Any party who fails to
16 do so shall lose the confidential designation of the document in question.

17     After the filing of said motion, all parties shall continue to afford the material in
18 question the level of protection to which it is entitled under the Producing Party's designation
19 until the court rules on the challenge.

20     7.   ACCESS TO AND USE OF PROTECTED MATERIAL

21     7.1   Basic Principles.  A Receiving Party may use CONFIDENTIAL material that is
22 disclosed or produced by another Party or by a Non-Party in connection with this case only for
23 prosecuting, defending, or attempting to settle this litigation.  Such CONFIDENTIAL material
24 may be disclosed only to the categories of persons and under the conditions described in this
25 Order.  When the litigation has been terminated, a Receiving Party must comply with the
26 provisions of section 13 below (FINAL DISPOSITION).

27     Protected Material must be stored and maintained by a Receiving Party at a location and
28

1 in a secure manner that ensures that access is limited to the persons authorized under this
2 Order.

3     7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
4 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
5 disclose any information or item designated "CONFIDENTIAL" only to:

6     (a)   the Receiving Party's Outside Counsel of Record in this action, as well
7 as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose
8 the information for this litigation, such as support staff and paralegals;

9     (b)   the officers, directors, and employees (including House Counsel) of the
10 Receiving Party to whom disclosure is reasonably necessary for this litigation;

11     (c)   Experts (as defined in this Order) of the Receiving Party to whom
12 disclosure is reasonably necessary for this litigation and who have signed the
13 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14     (d)   the court and its personnel;

15     (e)   court reporters and their staff, professional jury or trial consultants, mock
16 jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation
17 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18     (f)   during their depositions, witnesses in the action to whom disclosure is
19 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be
20 Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.
21 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected
22 Material must be separately bound by the court reporter and may not be disclosed to anyone
23 except as permitted under this Order.

24     (g)   the author or recipient of a document containing the information or a
25 custodian or other person who otherwise possessed or knew the information.

26   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
27 OTHER LITIGATION

28

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then

the Party shall:

  (1) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

1  produced material is subject to a claim of privilege or other protection, the obligations of the
2  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This
3  provision is not intended to modify whatever procedure may be established in an e-discovery
4  order that provides for production without prior privilege review.  Pursuant to Federal Rule of
5  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of
6  a communication or information covered by the attorney-client privilege or work product
7  protection, the parties may incorporate their agreement in the stipulated protective order
8  submitted to the court.

9        12.    MISCELLANEOUS

10        12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person
11  to seek its modification by the court in the future.

12        12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective
13  Order no Party waives any right it otherwise would have to object to disclosing or producing
14  any information or item on any ground not addressed in this Order.  Similarly, no Party waives
15  any right to object on any ground to use in evidence of any of the material covered by this
16  Order.

17        12.3    Filing Protected Material.  Without written permission from the Designating
18  Party or a court order secured after appropriate notice to all interested persons, a Party may not
19  file in the public record in this action any Protected Material.  A Party that seeks to file under
20  seal any Protected Material must comply with Local Rule 141.  Protected Material may only be
21  filed under seal pursuant to a court order authorizing the sealing of the specific Protected
22  Material at issue.  Pursuant to Local Rule 141, a sealing order will issue only upon a request
23  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or
24  otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected
25  Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party
26  may file the information in the public record unless otherwise instructed by the court.

27
28

1   12.4 No Prejudice or Waiver.  This Order shall be without prejudice to the right of
2 any party to bring before this Court at any time the question of whether any particular
3 information is or is not discoverable or relevant to any issue in this case, or whether any
4 particular document or information should or should not be designated as CONFIDENTIAL for
5 the purposes of this Order.  Nothing contained in this Order shall be construed as a waiver of
6 any objections as trial as to the admissibility or authenticity of documents produced to this
7 Order.  Nothing contained in this Order shall be construed in any manner as an admission by
8 any party that the documents or materials labeled as "CONFIDENTIAL" by the producing
9 party in fact contain proprietary, trade-secret, or confidential information.  Nothing contained
10 in this Order shall be construed to constitute a waiver of the producing party's right to claim
11 that a document is inadvertently not designated as CONFIDENTIAL should have been or
12 should be CONFIDENTIAL.  No party shall be obligated to challenge the propriety of a
13 designation of CONFIDENTIAL information or documents at the time such designation is
14 made and a failure to make such challenge shall not preclude a subsequent challenge to such
15 designation.  No document shall be withheld from production solely because of its designation
16 as CONFIDENTIAL.

17   13. FINAL DISPOSITION.

18   Within 60 days after the final disposition of this action, as defined in paragraph 4, each
19 Receiving Party must return all Protected Material to the Producing Party or destroy such
20 material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,
21 compilations, summaries, and any other format reproducing or capturing any of the Protected
22 Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must
23 submit a written certification to the Producing Party upon request (and, if not the same person
24 or entity, to the Designating Party) by the 60 day deadline that:  (1) identifies (by category,
25 where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that
26 the Receiving Party has not retained any copies, abstracts, compilations, summaries or any
27 other format reproducing or capturing any of the Protected Material.  Notwithstanding this
28

1 provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,
2 deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial
3 /////
4 /////
5 /////
6 /////
7 /////
8 /////
9 /////
10 /////
11 /////
12 /////

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September _____, 2012            FISHER & PHILLIPS LLP

By:    /s/Brooke B. Tabshouri_____
Christopher C. Hoffman
Brooke Blanchard Tabshouri
Attorney for Defendant
RYDER TRUCK RENTAL, INC.

DATED:  September _____, 2012

By:    /s/Kirby F. Canon_____
Kirby F. Canon
SMITH JOHNSON, INC.
Attorney for Plaintiff
STEVEN MORRA

**ORDER**

Pursuant to the above stipulation of the parties, and good cause appearing for the requested protective order,

IT IS ORDERED that the above Stipulated Protective Order is entered as an Order of this Court, and that all parties are to comply with its terms.

DATED: 24 September 2012                 /s/ *Dennis L. Beck*
                                          U.S. MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Steven Morra v. Ryder Truck Rental, Inc.*, Case No. 1:11-cv-01992-AWI-DLB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed name: _____

Date: _____

City and State where sworn and signed: _____